IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JORDAN,  )
         Plaintiff,  )
           ) Civil Action No. 11-604
   vs.  ) District Judge Gary L. Lancaster
           ) Magistrate Judge Maureen P. Kelly
SCI PITTSBURGH, JEFFERY BEARD,  )
Secretary of Correction Central office of Doc.,  )
         Defendants.  )

## REPORT AND RECOMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Amended Complaint in the above-captioned case, [ECF No. 9], be dismissed for failure to prosecute.

### II.    REPORT

Plaintiff, Michael Jordan, has presented a civil rights complaint against Defendants SCI Pittsburgh and "Jefferey A. Beard, Secretary of Correction Central Office of Doc." [ECF Nos. 3, 9]. Plaintiff alleges that his Bible was taken from him and destroyed and that Defendants violated his rights under the First and Fourth Amendments to the United States Constitution as well as under the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 200bb ("RFRA"), and Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA").

On February 16, 2012, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to prosecute, given Plaintiff's failure to advise the Court that he has been released from the facility indicated as his address of record and

has otherwise failed to file with the Court a Notice of Change of Address. To date, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed. Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders and failure to notify the Court of his change of address so that the case could proceed which weigh heavily against him. Plaintiff's failure to notify the Court of his change of address and to comply with this Court's Orders was not only solely his personal responsibility but his failure to do so even four weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking

dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to comply with the Court's Orders so that the case may proceed, as evidenced by his failure to respond to the Order to Show Cause, it appears that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d

187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        <u>/s/ Maureen P. Kelly</u>
        MAUREEN P. KELLY
        UNITED STATES MAGISTRATE JUDGE

cc:    Michael Jordan
       JE-4136
       SCI Forest
       P.O. Box 945
       Marianville, PA 16234

All counsel of record via CM/ECF

Dated: March 13, 2012